Darrel G. Shumake Columbus City Attorney 117 West Maple P.O. Box 73 Columbus, Kansas 66725
Dear Mr. Shumake:
As city attorney, you request an opinion concerning the charter ordinance provision of the Kansas constitution, article 12, section5(3), which requires that a petition demanding an election be filed with the city clerk. Evidently, a petition demanding such an election was filed with the county clerk instead of the city clerk and you question whether the city must hold an election.
Article 12, section 5(3) states in relevant part as follows:
 "No charter ordinance shall take effect until 60 days after its final publication. If within 60 days of its final publication a petition signed by a number of electors of the city equal to not less than 10% of the number of electors who voted at the last preceding regular city election shall be filed in the office of the clerk of such city demanding that such ordinance be submitted to a vote of the electors, it shall not take effect until submitted to a referendum and approved by a majority of the electors voting thereon." (Emphasis added).
Constitutional provisions relating to elections should be interpreted as written unless strong reasons compel the court to give the words a narrower meaning than they bear on their face. 29 C.J.S. Elections sec. 67 (1965), 26 Am.Jur.2d Elections sec. 184 (1966). Any election held without constitutional or statutory authority is a nullity. 26 Am.Jur.2dElections sec. 183. A provision concerning the officer with whom the petition shall be filed is mandatory and failure to comply renders any election void. 29 C.J.S. Elections sec. 69. In fact, a petition is not considered filed until it is presented to the proper officer for filing. 29 C.J.S. Elections sec. 69.
Consequently, it is our opinion that the constitutional requirement of filing a petition with the city clerk is mandatory and the failure to comply with this condition precedent will make any subsequent election a nullity. Therefore, the failure to file the petition with the city clerk precludes the city from holding an election.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm